Slip Op. 09-146

UNITED STATES COURT OF INTERNATIONAL TRADE

---

STOREWALL, LLC,

               Plaintiff,

    v.

UNITED STATES,

               Defendant.

---

Before: Leo M. Gordon, Judge

Court No. 05-00462

**OPINION**

[Summary judgment denied for Plaintiff; summary judgment granted for Defendant.]

Dated: December 18, 2009

    Rodriguez O'Donnell Ross Fuerst Gonzalez & Williams, PC (Robert K. Williams, Lara A. Austrins) for Plaintiff storeWALL, LLC.

    Tony West, Assistant Attorney General, Barbara S. Williams, Attorney In Charge International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Edward F. Kenny) for Defendant United States.

    Gordon, Judge:  This case is before the court on cross-motions for summary judgment.  Plaintiff, storeWALL, LLC ("storeWALL"), challenges the decision of U.S. Customs and Border Protection ("Customs") denying Plaintiff's protest of Customs' classification of two items: (1) "storeWALL" wall panels and (2) "HangUp" locator tabs. The court has jurisdiction pursuant to 28 U.S.C. § 1581(a)(2006).[1]  For the reasons set forth below, the court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

---

[1] Unless otherwise indicated, further citations to Title 28 of the U.S. Code are from the 2006 edition.

## I.  Background

The following facts are not in dispute.  Plaintiff imports wall panels and locator tabs manufactured in Taiwan.  Pl.'s Statement Undisp. Mat. Facts ¶¶ 1 & 3 ("Pl.'s Undisp. Facts").  The wall panels are constructed from extruded polyvinyl chloride ("PVC") plastic and are imported separately from other storeWALL components. Def.'s Statement Undisp. Mat. Facts ¶¶ 1 & 5 ("Def.'s Undisp. Facts.").  An "L" shaped groove on the front side of the panels accepts an array of article holders and accessories, such as shelves, brackets, baskets, trays, hooks, racks and lights. Pl.'s Undisp. Facts ¶ 10.  The wall panels are designed to be hung on a pre-existing wall by interlocking the factory-produced grooves on the back side of the panels with the locator tabs.  Id. ¶ 13.  The locator tabs are made of acrylonitrile butadiene styrene ("ABS") plastic.  Def.'s Undisp. Facts ¶ 2 & Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. & in Supp. of Def.'s Cross-Mot. for Summ. J. 1 ("Def.'s Mem.").

As imported, the wall panels do not form a complete unit.  Def.'s Undisp. Facts ¶ 11.  Without accessories they are not capable of holding or organizing anything.  Id. ¶ 12.  Consumers may choose to use the wall panels only with hooks, as opposed to mounting them with shelves or baskets.  Id. ¶ 13.  As imported, and without additional parts or the alteration of the panels themselves, the panels cannot be configured into a free-standing unit.  Id. ¶ 14.

Plaintiff contends that the wall panels should be classified under Subheading 9403.70.80 of the Harmonized Tariff Schedule of the United States ("HTSUS"), or alternatively as "parts" under Subheading 9403.90.50, and that the locator tabs should

be classified under Subheading 9403.90.50. Plaintiff's Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. 4 ("Pl.'s Mem."). Heading 9403 of the HTSUS provides for "Other furniture and parts thereof," and the respective subheadings refer to "Furniture of plastics: Other" and "Parts: Other." Heading 9403, HTSUS (2003).[2] Customs originally liquidated the wall panels under Subheading 3916.20.00 and the locator tabs under Subheading 3926.90.98. Customs has since determined that classification of the wall panels under Heading 3916 was inappropriate, and now asserts that both the wall panels and the locator tabs are properly classified under Subheading 3926.90.98. Def.'s Mem. 1. Subheading 3926.90.98 provides for "Other articles of plastics and articles of other materials of headings 3901 to 3914; Other: Other." Heading 3926, HTSUS.

## Standard of Review

The court reviews Customs' protest decisions de novo. 28 U.S.C. § 2640(a)(1). USCIT Rule 56 permits summary judgment when "there is no genuine issue as to any material fact . . . ." USCIT R. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A classification decision involves two steps. The first step addresses the proper meaning of the relevant tariff provisions, which is a question of law. The second step involves determining whether the merchandise at issue falls within a particular tariff provision as construed, which, when disputed, is a question of fact. See Faus Group, Inc. v. U.S., 581 F.3d 1369, 1371-72 (Fed. Cir. 2009) (citing Orlando Food Corp. v. United States, 140 F.3d 1437, 1439 (Fed. Cir. 1998)).

---

[2] Unless otherwise indicated, further citations to the HTSUS are from the 2003 edition.

When there is no factual dispute regarding the merchandise, its structure and use, the resolution of the classification issue turns on the first step, determining the proper meaning and scope of the relevant tariff provisions. See Carl Zeiss, Inc. v. United States, 195 F.3d 1375, 1378 (Fed. Cir. 1999); Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1365-66 (Fed. Cir. 1998). This is such a case, and summary judgment is appropriate. See Bausch & Lomb, 148 F.3d at 1365-66.

While the court accords deference to Customs classification rulings relative to their "power to persuade," United States v. Mead Corp., 533 U.S. 218, 235 (2001) (citing Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)), the court has "an independent responsibility to decide the legal issue of the proper meaning and scope of HTSUS terms." Warner-Lambert Co. v. United States, 407 F.3d 1207, 1209 (Fed. Cir. 2005) (citing Rocknel Fastener, Inc. v. United States, 267 F.3d 1354, 1358 (Fed. Cir. 2001)).

## II.  Discussion

The question before the court is whether the wall panels and locator tabs are properly classifiable under Heading 3926 as "Other articles of plastics", or under Heading 9403 as "Other furniture and parts thereof." "[F]or legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes . . . ." General Rule of Interpretation 1 ("GRI"); Orlando Food, 140 F.3d at 1440.

The court construes tariff terms according to their common and commercial meanings, and may rely on both its own understanding of the term as well as upon

lexicographic and scientific authorities.   See Len-Ron Mfg. Co. v. United States, 334 F.3d 1304, 1309 (Fed. Cir. 2003).   The court may also refer to the Harmonized Description and Coding System's Explanatory Notes ("Explanatory Notes") "accompanying a tariff subheading, which—although not controlling—provide interpretive guidance."  E.T. Horn Co. v. United States, 367 F.3d 1326, 1329 (Fed. Cir. 2004) (citing Len-Ron, 334 F.3d at 1309).

The Notes to Chapter 39 provide that articles covered by Chapter 94, such as furniture, are not covered under Chapter 39.   Chapter 39 Notes, Note 2(u), HTSUS. Therefore, if the imported wall panels and locator tabs are classifiable as other "furniture and parts thereof" under Heading 9403, they cannot be classified as articles of plastic under Heading 3926.[3]   Accordingly, the initial question is whether the wall panels and locator tabs are properly classifiable under Heading 9403.

## A.  Heading 9403, HTSUS

Plaintiff argues that the wall panels and locator tabs are prima facie classifiable under Heading 9403, which covers "Other furniture and parts thereof."  Heading 9403, HTSUS.[4]  The HTSUS does not define the term "furniture," but the Chapter Notes clarify

---

[3] Plaintiff argues that even if the wall panels and locator tabs are prima facie classifiable under Heading 3926, they are also prima facie classifiable as furniture under Heading 9403, a more specific tariff provision.  GRI 3 directs merchandise to be classified under the more specific of two equally applicable headings.  GRI 3(a).  Because Chapter Note 2(u) of Chapter 39 excludes articles classifiable under Chapter 94, Plaintiff's GRI 3 argument fails.

[4] Plaintiff argues that Heading 9403 is a use provision as well as an eo nomine provision.  To be a use provision, Heading 9403 has to "[describe] articles by the manner in which they are used as opposed to by name," whereas an eo nomine provision is one "in which an item is identified by name."  Len-Ron, 334 F.3d at 1308. Heading 9403 identifies "other furniture and parts thereof" by name and not "by the

that items should only be classified under Heading 9403 "if they are designed for placing on the floor or ground." Chapter 94 Notes, Note 2, HTSUS. The wall panels and locator tabs are not so designed. Def.'s Undisp. Facts ¶¶ 14-15. The Chapter Notes make an exception, however, for certain items designed "to be hung, to be fixed to the wall or to stand one on the other." Chapter 94 Notes, Note 2, HTSUS. This exception covers "cupboards, bookcases, other shelved furniture and unit furniture." Id., Note 2(a). Plaintiff believes "unit furniture," undefined in the Chapter Notes, covers its merchandise.

The Explanatory Notes do not define "unit furniture" either, but add a caveat that "unit furniture" must be "designed to be hung, to be fixed to the wall or to stand one on the other or side by side, for holding various objects or articles (books, crockery, kitchen utensils, glassware, linen, medicaments, toilet articles, radio or television receivers, ornaments, etc.)." Explanatory Notes to the Harmonized Description and Coding System (Vol. 4, p. 1698), Brussels 1996, 2nd ed. ("ENs"). The Explanatory Notes also include within the definition of furniture "separately presented elements of unit furniture," but expressly exclude from coverage under Heading 9403 "other wall fixtures such as coat, hat and similar racks, key racks, clothes brush hangers and newspaper racks. . . ." Id.

The 1971 Brussels Nomenclature Committee Report emphasizes that "unit furniture" is adaptable to consumer tastes and needs. Nomenclature Committee, 26th Session, Report (Apr. 14, 1971) (Def.'s Ex. 4) at ¶ 16 ("units . . . arranged to suit

manner in which [the articles] are used." Accordingly, Heading 9403 is not a use provision.

the tastes and needs of their users and the shape and size of the rooms to be furnished."). One dictionary defines "unit" pertinently as "one of the commonly more or less repetitive sections combined in assembling a manufactured article (as a bookcase or kitchen cabinet)," Webster's Third New International Dictionary (Unabridged) 2500 (1986) (definition 2b); while another defines it as "[a] piece of (esp. storage) furniture or equipment which may be fitted with other pieces to form a larger system, or which is itself composed of smaller complementary parts." The Oxford English Dictionary (Volume XIX, 2d ed. 1989) (definition 1e).

Putting together the dictionary definitions, Explanatory Note requirements, and Brussels Nomenclature Committee Report, "unit furniture" can be defined for purposes of the HTSUS as an item (a) fitted with other pieces to form a larger system or which is itself composed of smaller complementary items, (b) designed to be hung, to be fixed to the wall, or to stand one on the other or side by side, and (c) assembled together in various ways to suit the consumer's individual needs to hold various objects or articles, but (d) excludes other wall fixtures such as coat, hat and similar racks, key racks, clothes brush hangers, and newspaper racks.

Whether Plaintiff's merchandise is prima facie classifiable as furniture depends on whether, at the time of importation, see Gen. Elec. Co.-Med. Sys. Group v. United States, 247 F.3d 1231, 1235 (Fed. Cir. 2001), a completed storeWALL system is always unit furniture, and not something classifiable elsewhere. A completed assembly of storeWALL components may satisfy the definition of "unit furniture." See Pl.'s Mem. Law in Opp'n to Def.'s Mot. Summ. J. & in Supp. of Pl.'s Mot. Summ. J. 16 n.7

("Pl.'s Reply") & Def.'s Mem. 15.   For example, a wall panel and locator tab accessorized with shelves comprise a completed system that is composed of complementary items, is designed for hanging on fixing to a wall, and is capable of satisfying a consumer's tastes and needs to hold objects or articles.   In such a configuration the wall panels are arguably "separately presented elements" or "parts" of unit furniture, and the locator tabs "parts."   This is what Plaintiff argues.   Pl.'s Reply 7-10, 11-14 & 20-22.   The problem, however, is that not every completed storeWALL system is unit furniture.   Consumers may choose to accessorize the wall panels only with hooks, as opposed to shelves or baskets.   Def.'s Undisp. Facts ¶ 13.   This configuration is merely a rack, which is expressly excluded from coverage under Heading 9403 by the Explanatory Notes: "[Chapter 94] **does not cover** other wall fixtures such as coat, hat and similar racks, key racks, clothes brush hangers and newspaper racks. . . ."   ENs p. 1698 (emphasis in original).[5]

What ultimately undermines Plaintiff's claimed furniture classification is that a completed storeWALL system is too fungible at the time of importation to possess one fixed and certain application as unit furniture.   The wall panels and locator tabs are

---

[5] Plaintiff disputes that its wall panels are similar to the "other wall fixtures" excluded from Heading 9403 because its wall panels are movable.   First, Plaintiff incorrectly focuses on its wall panels, which cannot hold anything on their own and cannot be unit furniture themselves, instead of on a completed storeWALL system.   Second, Plaintiff assumes that unit furniture (and the other items designed to be "fixed to the wall": cupboards, bookcases, other shelved furniture) is not a fixture in the same sense as the "other wall fixtures" excluded from Heading 9403 in the Explanatory Notes.   Plaintiff is incorrect.   In using the phrase "other wall fixtures," the drafters of the Explanatory Notes were not suggesting that cupboards, bookcases, other shelved furniture and unit furniture are not wall fixtures.   To the contrary, they were instead noting that among various wall fixtures (things "fixed to the wall") like cupboards, bookcases, hat racks, coat racks, key racks, etc., the racks are expressly excluded from Heading 9403.

therefore not <u>prima facie</u> classifiable under Heading 9403.   <u>Cf.</u> <u>Millenium Lumber</u>
<u>Dist. Ltd. v. United States</u>, 558 F.3d 1326 (2009) (merchandise with potentially
numerous purposes not classifiable under heading with one purpose); <u>See also</u>
<u>Harding Co. v. United States</u>, 23 C.C.P.A. 250, 253 (1936) ("[B]efore imported
merchandise shall be regarded as parts of an article <u>the identity of the individual article</u>
<u>must be fixed with certainty</u>.") (emphasis in original).

One final note, Plaintiff and Defendant discuss numerous Customs rulings that
address whether various items are "separately presented elements of unit furniture."
Pl.'s Mem. 10-11; Def.'s Mem. 10-11, 14-15; Pl.'s Reply 7-8 n.3; Def.'s Reply Mem. in
Supp. of Def.'s Cross-Mot. for Summ. J. 3-4 ("Def.'s Reply").   Plaintiff and Defendant
also argue at length about whether the wall panels and locator tabs are "parts" of unit
furniture.  Pl.'s Mem. 17; Def.'s Mem. 19-22; Pl.'s Reply 11-15, 20-22; Def.'s Reply 5-9.
Plaintiff's arguments, though, assume that a completed storeWALL system is always
unit furniture.  That predicate, however, must be established first (either as a matter of
fact or as a matter of law), before any analysis can proceed on whether something is an
"element" or a "part."  The court in other words must know what exactly the assembled
or completed item is before analyzing whether the imported merchandise is an
"element" or a "part" of the item.  <u>See</u> <u>Harding</u>, 23 C.C.P.A. at 253.  Further analysis of
Plaintiff's merchandise as an "element" or a "part" is unnecessary because, as
explained, a completed storeWALL system is not always unit furniture.  Here Plaintiff's
merchandise could be either a part of furniture or a part of a rack.

### B.  Heading 3926, HTSUS

Having determined that Plaintiff's merchandise is not classifiable under Heading 9403, the court turns to whether the wall panels and locator tabs are properly classifiable under Heading 3926 as "Other articles of plastics."  Heading 3926 is a basket provision covering other articles of plastics.  There is no dispute that the wall panels are made of PVC plastic and the locator tabs of ABS plastic.  The parties do not claim, nor does the court find any specific subheadings of articles of plastic that include the wall panels or locator tabs.  As such, each is classifiable under "Other articles of plastics."  Heading 3926, HTSUS.  The merchandise is therefore prima facie classifiable under the tariff heading proposed by Customs.

### III. Conclusion

The wall panels and locator tabs are prima facie classifiable under Heading 3926 but not prima facie classifiable under Heading 9403.  Within Heading 3926 the wall panels and locator tabs fit under Subheading 3926.90.98 as "Other articles of plastics…: Other: Other."  Plaintiff's motion for summary judgment, therefore, is denied, and Defendant's motion for summary judgment is granted.  The court will enter judgment accordingly.

_____/s/ Leo M. Gordon_____
Judge Leo M. Gordon

Dated:  December 18, 2009
        New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

STOREWALL, LLC,

                    Plaintiff,

          v.

UNITED STATES,

                    Defendant.

Before: Leo M. Gordon, Judge

Court No. 05-00462

### JUDGMENT

This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment is denied; it is further

**ORDERED** that Defendant's cross-motion for summary judgment is granted; it is further

**ORDERED** that U.S. Customs and Border Protection shall reliquidate Plaintiff's entries so that the subject wall panels are classified upon reliquidation as other articles of plastic under subheading 3926.90.98, HTSUS (2003), and refund excess duties together with any interest provided for by law; and it is further

**ORDERED** that judgment is entered for Defendant as to the subject locator tabs.

                                        _____/s/ Leo M. Gordon_____
                                        Judge Leo M. Gordon

Dated:  December 18, 2009
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____        By: _____
Deputy Clerk